**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MALIK KHAN,  :
                              :  Civil Action No. 05-1580 (JAP)
        Plaintiff,  :
                              :
        v.  :  OPINION
                              :
COMMUNITY EDUCATIONAL  :
CENTERS, INC., et al.,  :
                              :
        Defendants.  :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Michael Malik Khan
1360 Route 1
Apt. 37
Rahway, NJ 07065

**PISANO,** District Judge

    Plaintiff Michael Malik Khan, a prisoner formerly confined at Southern State Correctional Facility, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On October 19, 2004, Plaintiff was paroled from Bayside State Prison to Tully House, also known as Toler Hall, with the special condition of parole that he participate in the Halfway Back Program at that facility. He acknowledged his understanding that "failure to complete the program without good cause may result in a violation of parole." (Complaint, Ex. 2, Halfway Back Program Agreement.)

Upon his arrival at Tully House, Plaintiff advised the medical staff of his pre-existing medical conditions, including high blood pressure, an enlarged heart, chronic heart disease, and a positive test for exposure to tuberculosis. Plaintiff also advised the medical staff of pre-existing treatment plans for all of his medical conditions.

Plaintiff contends that the medical staff refused to continue his pre-existing medical treatments, engaged in medical treatments that prior experience had shown to be ineffective, and deliberately delayed treatments, resulting in severe pain and several hospitalizations. Plaintiff contends that he endured

additional medical problems that the medical staff deliberately failed to treat or deliberately mistreated. For example, Plaintiff alleges that he suffered from a facial fungal infection that the medical staff initially refused to treat after it had been diagnosed by a hospital physician during one of Plaintiff's hospitalizations related to his heart disease, but subsequently treated with a cream that they knew would cause painful burning. The Court construes these allegations as a claim that Plaintiff was deprived of his right to adequate medical care under the Eighth Amendment. The defendants named in connection with the Eighth Amendment claim are: Community Educational Centers, Inc., Dr. Monnochio, and certain Jane Doe and John Doe medical staff defendants.

    Plaintiff also contends that the terms of his parole were unreasonable, in that Tully House was, in effect, operated as a correctional facility rather than a halfway house. Finally, Plaintiff alleges that the staff violated his constitutional rights to refuse medical treatment, refused to permit him to proceed to the final phase of the program because of his medical condition, retaliated against him for exercising his constitutional rights to file grievances and refuse medical treatment, all of which, in conspiracy with certain members of the New Jersey State Parole Board, caused his parole to be revoked, thus returning him to prison.

At his revocation hearing, Plaintiff admitted that he did not complete the Halfway Back Program, but asserted that he had good cause for failing to complete the program. He contends here that he was deprived of due process in the revocation hearing and that the special condition of parole, that failure to complete the Halfway Back Program "without good cause" may result in a revocation of parole, is unconstitutionally vague. The defendants named in connection with the parole claims include Community Educational Centers, Inc., Deputy Director Miss Leslie, Director of Operations A. Muhammad, Nurse Linda Pansulla, Second Shift Supervisor Ricardo Williams, Director of Program Activities Mr. Grant, Clinical Senior Counselor Miss Owens, New Jersey Parole Board Member John D'Amico, and John Doe New Jersey State Parole Officials.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez,

504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  The Medical Care Claim

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated,

would result in lifelong handicap or permanent loss. <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

The second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. <u>Andrews v. Camden County</u>, 95 F.Supp.2d 217, 228 (D.N.J. 2000); <u>Peterson v. Davis</u>, 551 F.Supp. 137, 145 (D. Md. 1982), <u>aff'd</u>, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be

mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment." <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d at 346 (citations omitted). "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." <u>Id.</u> (citations omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'" <u>Id.</u> at 347 (citation omitted).

9

Plaintiff's allegations of inadequate medical care are sufficient to avoid dismissal at this early stage of the litigation.

B.  The Terms-of-Parole and Revocation-of-Parole Claims

New Jersey law permits the State Parole Board to parole an inmate "to any residential facility funded in whole or in part by the State if the inmate would ot otherwise be released pursuant to [N.J.S.A. 30:4-123.53] without such placement. In addition, New Jersey law provides that "[e]ach adult parolee shall at all times remain in the legal custody of the Commissioner of Corrections and under the supervision of the State Parole Board," N.J.S.A. 30:4-123.59(a), and permits the State Parole Board to "impose any ... specific conditions of parole deemed reasonable in order to reduce the likelihood of recurrence of criminal or delinquent behavior," N.J.A.C. 10A § 71-6.4(e). Petitioner was paroled to a facility, pursuant to the special condition that he complete the Halfway Back Program, in accordance with these provisions. Upon his failure to complete the Halfway Back Program, he was returned to prison.

Petitioner's challenges to the terms of his parole and to the revocation of his parole amount, in effect, to challenges to the lawfulness of his custody, which must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2254, following exhaustion of state remedies. See, e.g., Arnett v.

Kemp, 121 Fed.Appx. 658 (7th Cir. Dec. 20, 2004); Benke v. Norris, 230 F.3d 1362 (Table), 2000 WL 1286258 (8th Cir. Sept. 13, 2000).

Moreover, any claim for damages arising out of the allegedly unlawful terms or revocation of parole do not accrue until the parole-related decisions "[have] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, all claims related to the terms and revocation of Plaintiff's parole must be dismissed without prejudice.

## V.   CONCLUSION

For the reasons set forth above, the medical care claim will be allowed to proceed. All other claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. It does not appear that the deficiencies in the Complaint could be cured by amendment at this time. An appropriate order follows.

_____
Joel A. Pisano
United States District Judge

Dated: 9/30/05